IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| THOMAS CALVIN TURNER 3 and G.T., <br><br> Plaintiffs, <br><br> v. <br><br> MCS, CRAIGMONT MIDDLE SCHOOL, MEMPHIS BOYS AND GIRLS CLUB, and CRAIGMONT HIGH SCHOOL, <br><br> Defendants. | No. 2:24-cv-02978-SHL-atc |

**ORDER ADOPTING REPORT AND RECOMMENDATION AND
DISMISSING COMPLAINT WITHOUT PREJUDICE**

Before the Court is Magistrate Judge Annie T. Christoff's Report and Recommendation ("R&R"), filed May 13, 2025. (ECF No. 15.) In the R&R, the Magistrate Judge recommends that the Court dismiss Plaintiffs Thomas Calvin Turner 3 and G.T.'s pro se complaint[1] for failure to state a claim and because Turner lacks standing as a party proceeding pro se to assert claims on behalf of G.T., his minor child, and further recommends that the Court decline to exercise supplemental jurisdiction over Turner's state-law claim.

A magistrate judge may submit to a judge of the court proposed findings of fact and recommendations for dismissal of a complaint for failure to state a claim. 28 U.S.C. § 636(b)(1)(B). "Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2); see also 28 U.S.C. § 636(b)(1) (2017). A district court reviews de novo only those proposed findings of fact or conclusions of law to which a

---

[1] As the R&R explains, Plaintiffs filed an Amended Complaint (ECF No. 8), redacting the name of the minor child, and another amendment styled "Petitioner Amends Claims of Further Instances Occurring After Original Claim" (ECF No. 13). The Magistrate Judge considered the original complaint and the amendments together in the R&R.

party specifically objects; the rest are reviewed for clear error. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

Plaintiffs' deadline to object to the R&R was May 27, 2025, and no objections have been filed. The Court has therefore reviewed the R&R in its entirety for clear error and finds none. The R&R properly explains that Turner does not have standing to assert claims on behalf of his minor child as a pro se litigant. (ECF No. 15 at PageID 49–52.) The Court also finds no clear error in the Magistrate Judge's conclusion that the exceptional circumstances that may warrant the appointment of counsel in this, a civil matter, do not exist here. (Id. at PageID 51–52.)

Similarly, there is no clear error in the Magistrate Judge's conclusions that the claims from the complaint and its amendments fail to state a claim upon which relief can be granted. The failure to identify a Memphis-Shelby County Schools ("MSCS") policy that caused the injuries alleged in the complaint is fatal to the claims made against it pursuant to 42 U.S.C. § 1983. (Id. at PageID 52–53.) The failure to allege that the Memphis Boys and Girls Club was a state actor or acted under color of state law is fatal to the § 1983 claims made against it. (Id. at PageID 56–57.) There is also no clear error in the R&R's conclusions that the Title IX claims are dismissible, as Turner, G.T.'s parent, has no standing to assert such a claim, either on his own behalf or on behalf of his child as a pro se litigant. (Id. at PageID 54.) To the extent G.T.'s Title IX claims are properly before the Court, there is no clear error in the R&R's conclusion that they fail to satisfy the elements of a claim for sexual harassment, either by MSCS employees or MSCS students. (Id. at PageID 54–56.) Finally, this Court finds no clear error in the Magistrate Judge's conclusion that the Court should decline to exercise supplemental jurisdiction over Turner's state-law claim given that all of the claims over which it may have original subject matter jurisdiction are being dismissed. (Id. at PageID 57.)

Therefore, the Court **ADOPTS** the Chief Magistrate Judge's Report and **DISMISSES** the Complaint **WITHOUT PREJUDICE**.

**IT IS SO ORDERED,** this 27th day of August, 2025.

                                                s/ Sheryl H. Lipman  
                                                SHERYL H. LIPMAN  
                                                CHIEF UNITED STATES DISTRICT JUDGE